IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2058-FL

| | | |
|---|---|---|
| JAMES EDWARD SPELLER, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THOMAS ASBELL, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on the motion for summary judgment (DE 10) pursuant to Federal Rule of Civil Procedure 56 of respondent Thomas Asbell ("respondent"). The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On October 12, 2011, petitioner pleaded guilty, in the Bertie County Superior Court, to two counts of selling cocaine and one count of attempted trafficking in opiates. Resp't's Mem. Exs. 1, 2. The superior court sentenced petitioner to three consecutive terms of nineteen (19) to twenty-three (23) months' imprisonment. Id. Ex. 2. Petitioner did not file a direct appeal.

On November 5, 2012,[1] petitioner filed a *pro se* petition for a writ of habeas corpus in the Bertie County Superior Court. Id. Exs 3, 4. The superior court denied petitioner's habeas petition on November 12, 2012. Id. Ex. 4. Then, on December 27, 2012, petitioner filed a *pro se* petition for a writ of habeas corpus in the North Carolina Court of Appeals, which was denied on January 7, 2013. Id. Exs. 5, 7. On February 14, 2013, petitioner filed a *pro se* petition for a writ of habeas corpus in the North Carolina Supreme Court, which was denied on February 21, 2013. Id. Exs. 8; Pet. (DE 3) Attach. p. 1.

On March 11, 2013, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges the following grounds for relief: (1) the trial court lacked jurisdiction to accept his guilty plea because his indictment was defective; and (2) he received ineffective assistance of counsel. Respondent subsequently filed a motion for summary judgment, arguing that petitioner's claims are time-barred, to which petitioner responded.

**DISCUSSION**

A.  Motion For Summary Judgment

    1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact.

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated November 5, 2012, but filed on November 6, 2012, to be filed on November 5, 2012. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.    Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. Petitioner pleaded guilty and judgment was entered on October 12, 2011. Petitioner thereafter had fourteen (14) days after the entry of judgment to file an appeal. N.C.R. of App. P. 4(a). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on October 26, 2011. As a result, petitioner's one-year statutory period began to run on October 26, 2011, and ran for three hundred sixty-five (365) days until it expired on October 26, 2012. Petitioner did not begin filing

3

for post-conviction relief until November 5, 2012, which was after the expiration of the statutory period.

Petitioner's November 5, 2012, petition for a writ of habeas corpus filed in the superior court did not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing

4

Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Although it is not entirely clear, petitioner appears to base his equitable tolling claim on his assertion that he pursued state post-conviction relief in the incorrect county, Sampson County, prior to pursuing post-conviction relief in the proper county, Bertie County. The record, however, does not contain any evidence that petitioner pursued post-conviction relief in Sampson County prior to his post-conviction filings in Bertie County. Nor has petitioner presented any evidence to establish that he made any post-conviction filings in Sampson County. Petitioner's conclusory allegations are not sufficient to establish equitable tolling.[2] See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing . . . a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogated on other grounds recognized by, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999); see, e.g., Smith v. Virginia, No. 3:12CV148, 2013 WL 871519, at *4 (E.D. Va. Mar. 8, 2013) ("[C]onclusory allegations fail to meet the high burden required to demonstrate entitlement to equitable tolling."), appeal dismissed, Nos. 13-6890, 13-6962 (4th Cir. Aug. 27, 2013); Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Petitioner also suggests that he is entitled to equitable tolling because he "has no legal understanding of the law." Pet'r's Resp. p. 1. Legal inexperience, however, is not a justification

---

[2] Petitioner's conclusory allegations regarding his "having to endure many hurdles between the Department of Correction and the N.C. Prisoner[] Legal Service and County Courthouse where applicant was tried to maintain his court records for purpose of filing a motion for appropriate relief . . . ." also are insufficient to establish equitable tolling. Pet. (DE 3), p. 14; see Nickerson, 971 F.2d at 1136.

5

for equitable tolling. Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted). Based upon the foregoing, petitioner is not entitled to equitable tolling. Because petitioner has not demonstrated that he is entitled to equitable tolling, this action is time-barred.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 10) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 8th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge